# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Cedric Wise, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 6:12-cv-2091-RMG<br>) |
| Jordan Moore; Ms. Snyder; Stephen Claytor; and Michael McCall, | )<br>) **ORDER**<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

This matter comes before the Court on a motion for summary judgment, filed by Defendants Jordan Moore, Ms. Snyder, Stephen Claytor, and Michael McCall. (Dkt. No. 31). Plaintiff Cedric Wise, a state prisoner acting *pro se*, brings this action for denial of access to the courts pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). He alleges that Defendants, all staff members at the correctional institution where he is housed, prevented him from timely filing his appeal of the state court order dismissing his third petition for post-conviction relief ("PCR"). (*Id.*).

## Background

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. Defendants filed this motion for summary judgment on January 11, 2013. (Dkt. No. 31). In the motion, they asserted that the PCR application which is the subject of Plaintiff's denial of access to the courts claim is successive; and they argued that, as a result, Plaintiff has failed to show an actual injury, a prerequisite for his claim. (*Id.* at 5). Plaintiff timely filed a response to the motion on February 13, 2013. (Dkt. No. 39). The

Magistrate Judge issued an Report and Recommendation ("R&R") on March 28, 2013, recommending that Defendants' motion for summary judgment be granted because Plaintiff has failed to show an actual injury. (Dkt. No. 41 at 8). Plaintiff did not file any objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Nevertheless, in the absence of specific objections to the R&R, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has before it Defendants' motion for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a

cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation and concludes that he correctly applied the relevant law to the operative facts.

Plaintiff alleges that Defendants prevented him from timely filing his appeal of the state court's dismissal of his third PCR application. In dismissing that PCR application on September 18, 2011, the state judge observed that Plaintiff was raising the same allegations he had "set forth in his [two] previous PCR applications . . . meeting the very definition of a successive application." (Dkt. No. 31-14 at 8). The state judge also found that Plaintiff had not offered any newly discovered evidence that would excuse him from the untimely filing of his PCR application. (*Id.* at 7). The Court has reviewed the state court records and agrees with that assessment. Though the Court does at this stage view the facts in a light most favorable to Plaintiff, Plaintiff's PCR application was, on its face, a successive petition barred by the statute of limitations. As a result, the record leaves no room for dispute that the alleged filing delay affected, at most, only a frivolous claim.

As the Supreme Court has explained, "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . ." *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996). Having been deprived of "nothing at all," *id.*, Plaintiff has failed to show an interference with his rights that "resulted in some sort of actual injury," *Joe v. Ozmint*, No. 2:09-cv-585, 2008 WL 5076858, at *10 (D.S.C. Nov. 21, 2010). Accordingly, Defendants are entitled to judgment as a matter of law, and dismissal of this claim with prejudice is appropriate. *See Bing v. McCabe*, No. 2:11-cv-3174, 2012 WL 6596814, at *4 (D.S.C. Nov. 16, 2012) (recommending granting summary judgment to the defendants on a claim

for denial of access to the courts where the alleged injury concerned obstruction in filing an appeal of a successive state PCR petition), *report and recommendation adopted by* 2012 WL 6596996 (D.S.C. Dec. 18, 2012).

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. No. 41), GRANTS the motion for summary judgment filed by Defendants Jordan Moore, Ms. Snyder, Stephen Claytor, and Michael McCall, (Dkt. No. 31), and DISMISSES this action with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April /9, 2013